UNITED STATES of America, Plaintiff–Appellee,

v.

Luis Eduardo HERNANDEZ–GONZA-LEZ, a.k.a. Luis Hernandez–Gonzalez, Defendant–Appellant.

No. 11–10197.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2012.*

Filed May 18, 2012.

Christina Marie Cabanillas, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Isabel Michela Robles, Law offices of Clay Hernandez, PC, Tucson, AZ, for Defendant–Appellant.

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

MEMORANDUM **

Luis Eduardo Hernandez–Gonzalez appeals from the 57–month sentence imposed following his guilty-plea conviction for reentry after deportation, in violation of 8 U.S.C. § 1326. We dismiss.

Hernandez–Gonzalez contends that the district court's failure to sentence him to a term comparable to the term that he would have received had he accepted the government's fast-track plea offer resulted in an unwarranted sentencing disparity that rendered his sentence unreasonable. Although he concedes that he waived his right to appeal, he contends that the appeal waiver is unenforceable, as the government impermissibly conditioned the award of a third point under U.S.S.G. § 3E1.1(b) on his accession to the waiver. Hernandez–Gonzalez acknowledges that we held in *United States v. Johnson*, 581 F.3d 994 (9th Cir.2009), that the government may condition the award of a third point under U.S.S.G. § 3E1.1(b) on the defendant's waiver of the right to appeal, but he argues that *Johnson* was wrongly decided. We are bound by our precedent, *see United States v. Gonzalez–Zotelo*, 556 F.3d 736, 740 (9th Cir.2009), and dismiss the appeal in light of the valid appeal waiver, *see United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir.2000).

**DISMISSED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).